NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0139n.06

Case No. 20-3954

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED
Mar 16, 2021
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,       )
    Plaintiff-Appellee,       )
                    )
v.       )
                    )
BRANDON MCKINNIE,       )
    Defendant-Appellant.       )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

BEFORE: GILMAN, GIBBONS, and SUTTON, Circuit Judges.

PER CURIAM. Brandon McKinnie appeals the district court's denial of his motion for compassionate release. In 2017, McKinnie was sentenced to 151 months' imprisonment following his guilty plea to three drug-related offenses. The sentence fell at the bottom of his guidelines range of 151 to 188 months.

After the COVID-19 pandemic began, McKinnie moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). The statute allows district courts to lower a defendant's sentence if, among other requirements, "extraordinary and compelling reasons" support a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). McKinnie's cited reasons included a 2019 decision interpreting the sentencing guidelines that, if applied to him, would eliminate his career-offender designation and lower his advisory guidelines range. *See United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per

curiam). McKinnie contended that, were he sentenced today with the benefit of *Havis*, his guidelines range would be 57 to 71 months.

The district court denied the motion. Among other rationales, it held that the *Havis* decision could not as a matter of law be an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i). It also refused to consider *Havis*'s would-be effect on McKinnie's guidelines range when weighing the § 3553(a) factors. McKinnie challenges both premises of the district court's decision.

After the district court entered its order—and indeed after nearly all of the briefing for this appeal—this court addressed "the analytical framework" for compassionate-release motions. *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021). It explained that, when reviewing motions like the one filed here, "district courts need not consider" the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13, that the federal courts "have discretion to define 'extraordinary and compelling'" circumstances, and that district courts may consider the § 3553(a) factors in deciding the extent of any reduction. *Elias*, 984 F.3d at 519–20; *see also United States v. Jones*, 980 F.3d 1098, 1108–11, 1115–16 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1008–09 (6th Cir. 2020). The district court lacked this guidance at the time of its ruling, as did the parties when they filed their appellate briefs.

No doubt, these decisions leave some legal questions unresolved about when and whether intervening legal developments constitute "extraordinary and compelling reasons" for a sentence reduction. But because "we are a court of review, not of first view," *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005), we ask the district court to consider the point in the first instance. We therefore vacate the district court's order and remand for reconsideration in light of this new precedent. *See* 28 U.S.C. § 2106.